UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| KARIE MCDOWELL, | ) | Case No. SA CV02-226-GLT(ANx) |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER ON PARTIES' MOTIONS FOR |
| vs. | ) | SUMMARY JUDGMENT AND DISMISSAL |
| | ) | |
| SENEGENCE INTERNATIONAL INC., | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

Defendant's motion to dismiss is GRANTED IN PART. Plaintiff's motion for partial summary judgment is DENIED.

I. BACKGROUND

Plaintiff is a self-employed artist.[1] Plaintiff was approached by Defendant Joni Rogers, President and CEO of Defendant Senegence, to create several pieces of art for Senegence. Plaintiff agreed and created the artwork. There were no written contracts between McDowell and any of the Defendants. Plaintiff submitted invoices to Defendants and was paid on a per piece basis. The invoices make no mention of the sale of copyrights along with the art. Plaintiff contends she has

---

[1] This section describes the facts that are borne out by Plaintiff's evidence in support of her summary judgment motion. For a more thorough statement of the facts relating to Defendants' motion to dismiss, see the Court's August 13, 2002 Order.

G:\GLTALL\LC2\CIVIL\2002\02-0226.sj.mtd2.wpd

never been paid any royalties or licensing fees by Defendants. Plaintiff was not an employee of Senegence or Rogers. Defendants did not provide Plaintiff with medical or dental benefits, paid vacation, or insurance. Plaintiff physically painted the artwork purchased by Defendants. Defendants physically reproduced McDowell's images and sold or distributed them on product packaging, in Sengence's logo, and on certain business and holiday cards.

Plaintiff filed her Third Amended Complaint ("TAC"), which states causes of action for copyright infringement, two counts of fraud (negligent and intentional misrepresentation), alter ego liability, and an accounting. Plaintiff now moves for partial summary judgment of her copyright infringement claim. Defendants Senegence[2], Joni Rogers, and Yoram Fishman move to dismiss Plaintiff's fraud and emotional distress[3] claims, as well as her prayers for punitive and general damages.[4]

## II. DISCUSSION

A. Motion to Dismiss

The function of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the claims stated in the complaint. The Court construes the complaint in the light most favorable to the plaintiff and accepts all well-pleaded factual allegations as true. Cahill v.

---

[2] Alternatively known as SGII, Inc., Senegence International Inc., and Senegence International.

[3] There is no "emotional distress" claim, however Plaintiff pleads emotional distress as an element of her damages under the two fraud counts.

[4] Plaintiff's partial summary judgment motion was originally noticed for hearing on Oct. 7, 2002. The Court continued the hearing until Oct. 28, 2002 so it could be heard in conjunction with Defendant's motion to dismiss.

<u>Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996). "However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754-55 (9th Cir. 1994).

A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990). Thus, the question is whether the facts alleged, if true, would entitle the plaintiff to any form of relief. See <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Parks Sch. of Bus., Inc. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995).

### 1. <u>Diversity Jurisdiction</u>

Plaintiff alleges the Court has jurisdiction over the case based on the parties' diversity of citizenship. Defendant correctly argues the Court should strike this allegation. For a Federal Court to have diversity jurisdiction, all Plaintiffs must be of different citizenship than all Defendants. <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267 (1806). Any instance of common citizenship prevents diversity jurisdiction. <u>Id.</u> In this case, Plaintiff alleges she and all Defendants are citizens of California.[5/] Therefore the Court does not have diversity jurisdiction over this case. Defendant's motion to strike Plaintiff's diversity allegation is GRANTED.

However, the Court still has supplemental jurisdiction over

---

[5/] A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal business. 28 U.S.C. § 1332(c)(1). Plaintiff alleges Senegence's principal place of business is Newport Beach, CA. TAC, ¶ 3.

Plaintiff's state law claims. Supplemental jurisdiction arises where the complaint sets forth a claim "arising under" federal law, and state law claims that are transactionally related to the federal claim. William W. Schwarzer, et al., *California Practice Guide: Fed. Civ. Pro. Before Trial*, §2:144 (Rutter Group, 2001). The Court has "arising under" jurisdiction over the copyright infringement claim. Because Plaintiff's state law claims arise out of the same "nucleus of operative facts" as the copyright infringement claim, the claims are transactionally related, and the Court has supplemental jurisdiction. See Kirschner v. Klemmons, 225 F.3d 227, 239 (2d Cir. 2000).

2. Negligent and Intentional Fraud Claims

Defendants argue McDowell's negligent and intentional fraud claims fail to state claims which would entitle her to relief. Fraudulent representations, to constitute grounds for relief, must be as to existing and material facts; predictions of future events are ordinarily considered nonactionable expressions of opinion. Richard P. v. Vista Del Mar Child Care Svc., 106 Cal. App.3d 860, 865 (1980). Defendants argue Rogers' misrepresentation that the artwork "would only be used to decorate the interior of the Senegence office, not be mass produced or sold..." was only an expression of Rogers' intent to act in the future, therefore not actionable fraud.

A declaration of intention, although in the nature of a promise, made in good faith, without intention to deceive, and in the honest expectation that it will be fulfilled, even if not carried out, does not constitute a fraud. Church of Merciful Savior v. Volunteers of Am., Inc., 184 Cal. App.2d 851, 859 (1960). But, the complaint alleges Rogers knew the statement was false at the time she made it,

i.e. she deliberately misstated her intention. TAC, ¶¶ 39-40. Thus, the complaint sufficiently alleges fraud.

Defendants also argue McDowell's fraud claim should be stricken because it is based on concealment. Concealment does not give rise to actionable fraud unless there is a relationship between the parties that creates a duty to disclose known facts. <u>Weiner v. Fleischman</u>, 54 Cal.3d 476, 483 (1991). Plaintiff's fraud claim is based on an affirmative misrepresentation made by Rogers, not concealment. Plaintiff alleges Rogers told her the art would be used to decorate the office, when in fact Rogers' intent was to distribute the art. TAC, ¶¶ 21, 38. Plaintiff merely alleges that, in addition to making the affirmative misrepresentations, Defendant concealed her true intentions to mass produce and distribute the art. TAC, ¶ 28.

An affirmative misrepresentation requires the concealment of the truth, or at least its obfuscation, to be effective. It is the presence of a false statement, not the absence of concealment, that gives rise to a claim based on an affirmative misrepresentation. Thus, despite the concealment alleged in ¶ 28 of the TAC, Plaintiff's fraud claim is based on misrepresentation. Striking the allegation would not, as Defendants argue, make the trial less complicated or otherwise streamline the ultimate resolution of the action.

Defendants' motion to strike the fraud claim and the third sentence of ¶ 28 of the TAC is DENIED.

3. <u>Punitive Damages</u>

A motion to strike may be used to strike the prayer for relief

where the damages sought are not recoverable as a matter of law. Bureerong v. Uvawas, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996). Defendants argue that, since Plaintiff pleads state law causes of action for fraud against Senegence and Rogers only, it has no basis to recover punitive damages from Fishman.

Punitive damages are not available under the Copyright Act, 17 U.S.C. § 101, et seq. Design Art v. NFL Props., Inc., 2000 U.S. Dist. LEXIS 20172, *14 (S.D. Cal. Nov. 27, 2000). Thus, if punitive damages are available, they must be supported by one of McDowell's state law claims. To support an award of punitive damages under California law, a plaintiff must plead the defendant has been guilty of oppression, fraud, or malice. Cal. Civ. Code, § 3294(a). Plaintiff does not allege Fishman has committed fraud against her. Nor does she allege oppression or malice on his part. Defendant's motion to strike Plaintiff's prayer for recovery of punitive damages from Fishman is GRANTED.

Defendants argue Plaintiff should not be able to recover punitive damages from Senegence based on fraud because Plaintiff does not plead Senegence "(1) had advanced knowledge of Rogers' unfitness and employed her with a conscious disregard of the safety of plaintiff"; (2) authorized or ratified Rogers' conduct; or (3) was personally guilty of oppression, fraud, or malice. See Cal. Civ. Code § 3294(b). However, paragraph 45 of the TAC states an adequate basis for punitive damages against Senegence. Therefore, Defendants' motion to strike allegations of Plaintiff's entitlement to punitive damages from Senegence in ¶¶ 46 and 56 of the TAC is DENIED.

4. Emotional Distress and General Damages

Defendants argue, and Plaintiff does not dispute, the Court should dismiss Plaintiff's claims for emotional damages arising out of Rogers' alleged negligent misrepresentation to her. Mental distress is not an element of damages for negligent misrepresentation. See Branch v. Homefed Bank, 6 Cal. App.4th 793, 799 (1992). Defendants' motion to strike the words "emotional distress and upset" from ¶ 54 of the TAC is GRANTED.[6]

Defendants also assert the Court should strike Plaintiff's prayer for general damages because the sole support of the prayer is her alleged emotional distress. "General damages are 'those which necessarily result from the act complained of,' and are implied by law to have thereby accrued to plaintiff....'General damages 'refers to damages for harm or loss such as pain, suffering, emotional distress, and other forms of detriment that are sometimes characterized as 'subjective' or not directly quantifiable." Beeman v. Burling, 216 Cal. App.3d 1586, 1590 (1990)(internal citations omitted). Reading the pleadings in the light most favorable to the plaintiff, her claim for general damages may reflect the damage to her reputation as an artist, or diminution in the inherent value of her artwork that resulted from her artwork being placed on cosmetic box covers, which in turn resulted from Rogers' fraud. Defendants' motion to strike

---

[6] Defendants actually moved to strike the words "emotional distress and upset" from ¶ 44 of the TAC. Paragraph 44 is under Plaintiff's cause of action for intentional misrepresentation. Mental distress may be an element of the damages for intentional misrepresentation. See Branch, 6 Cal. App. 4th at 799.

1 | Plaintiff's prayer for general damages is DENIED.

B. <u>Motion for Partial Summary Judgment</u>

Summary judgment is proper if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if it "might affect the outcome of the suit under the governing law." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Id</u>.

Partial summary judgment of the copyright infringement claim is inappropriate at this time because material issues of fact remain for trial.

Copyright automatically is inherent in a work the moment it is created. <u>Montgomery v. Noga</u>, 168 F.3d 1282, 1288 (11th Cir. 1999). The author or owner of a copyright has the exclusive rights to reproduce the copyrighted work, prepare derivative works based upon the copyrighted work, and distribute copies of the copyrighted works to the public by sale, rental, lease, or other transfer of ownership. 17 U.S.C. § 106. "Anyone who violates any of the exclusive rights of the copyright owner...is an infringer of the copyright...." 17 U.S.C. § 501.

Pursuant to 17 U.S.C. § 201(a), ownership of copyright initially vests in the author of a work. If the work is a work for hire, the employer of the person who created the work is considered the author of the work, and all rights vest in him, unless there is an express signed and written agreement to the contrary. 17 U.S.C. § 201(b).

Copyright ownership may be transferred. 17 U.S.C. § 201(d). "A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. § 204(a).

However, a grant of a non-exclusive license in copyrighted material is not a transfer. 3 M. Nimmer & D. Nimmer, Nimmer on Copyright § 10.02. A copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement. Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1121 (9th Cir. 1999)(quoting Graham v. James, 144 F.3d 229,236 (2d Cir. 1998)). A non-exclusive license may be granted orally or implied from conduct. Effects Assocs., Inc. v. Cohen, 908 F.2d 555, 558 (9th Cir. 1990).

The paintings created by McDowell would not normally be works for hire. A work for hire is a work prepared by an employee within the scope of his or her employment; or a work that is one of a number of specific categories of work, if there is an express written agreement stating the work is a work for hire. 17 U.S.C. § 101. Employment is defined according to general agency principles. Effects Assocs., 908 F.2d at 557 (discussing Community for Creative Non-Violence v. Reid, 490 U.S. 730 (1989)). Since the evidence shows McDowell was not employed by Defendants and there was no written agreement, the work normally could not be a work for hire.

Likewise, McDowell never transferred copyright ownership in the works to Defendants because there was never an instrument of

conveyance or transfer of copyright.

However, there is a genuine issue of material fact whether McDowell's conduct created a non-exclusive license in Defendants.

In <u>Effects Assocs.</u>, the Ninth Circuit held a non-exclusive license was created by the conduct of the parties where the plaintiff "created a work at [the] defendant's request and handed it over, intending that [the] defendant copy and distribute it." 908 F.2d at 558. The same may be the case here.

McDowell asserts Rogers told her the works were to be used to decorate the interior of the corporate office and Rogers never discussed with her the possibility of the works being reproduced or of derivative works being made. However, the evidence McDowell cites in support of this assertion, other than her own declaration, shows only there were no written contracts between the parties. Def. Responses to Requests for Admissions No. 179, at Pl. Exh. 1, No. 3, at Pl. Exh. 8.[7]

Rogers declared she made clear to McDowell that McDowell was being paid to create paintings to be used by Senegence for marketing and multimedia purposes. Rogers Decl., ¶¶ 11, 19. Rogers also declared Plaintiff worked with personnel from Senegence's multimedia department with respect to copying and production of her paintings for specific items. <u>Id.</u>, ¶ 20.

---

[7] Plaintiff also argues she never intended for Defendants to copy and distribute her work. Cases where intent is the primary issue are generally inappropriate for summary judgment. See <u>Provenz v. Miller</u>, 102 F.3d 1478, 1489-90 (9th Cir. 1996) (quoting <u>Vaughn v. Teledyne, Inc.</u>, 628 F.2d 1214 (9th Cir. 1980)).

G:\GLTALL\LC2\CIVIL\2002\02-0226.sj.mtd2.wpd      10

1 |     This is a case of one party's word against the other's -- a
2 | classic triable issue of fact.
3 |     Plaintiff's motion for partial summary judgment is DENIED.

DATED: October 29, 2002.

                                        GARY L. TAYLOR  
                                        UNITED STATES DISTRICT JUDGE