

Priority
Send        ☒
Enter       ——
Closed      ——
JS-5/JS-6   ——
JS-2/JS-3   ——
Scan Only   ——

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KARIE MCDOWELL,                    )   Case No. SACV-02-226-GLT(MLGx)
                                   )
          Plaintiff,               )   [~~TENTATIVE~~] ORDER DENYING
                                   )   DEFENDANTS' MOTION FOR PARTIAL
     vs.                           )   SUMMARY JUDGMENT
                                   )
SENEGENCE INTERNATIONAL, INC.      )
ET AL.,                            )
                                   )   Calendar Item # 12
          Defendants.              )
_____)

The motion for partial summary judgment is DENIED.

## I. <u>BACKGROUND</u>

The facts of the case are well known to the parties and will not be repeated. Defendants move for partial summary judgment of the fraud causes of action.

## II. DISCUSSION

### A. Preliminary Issues

Plaintiff opposes this motion on two procedural grounds.

Paragraph 3 of the Scheduling Order states: "No motion for Summary Judgment or Partial Summary Judgment may be noticed for hearing less than 30 days before the final Pretrial Conference, unless otherwise allowed by the court." The final Pretrial Conference is set for June 6, 2003. The present motion has been noticed for May 12,

ENTER ON ICMS

MAY 13 2003

1   2003, less than 30 days before the final Pretrial Conference.

2   Defendants have shown good cause to hear this motion even though it is

3   a week late.

4           Local Rule 7-3 requires counsel who contemplates filing a

5   motion to meet and confer with opposing counsel at least 20 days

6   beforehand. A district court has broad discretion to depart from the

7   strict terms of the local rules where it makes sense to do so and

8   substantial rights are not at stake. <u>Prof'l Programs Group v. Dept.</u>

9   <u>of Commerce</u>, 29 F.3d 1349, 1353 (9th Cir. 1994). Both conditions are

10  met.  Plaintiff opposes Defendants' motion for summary judgment.  It

11  is evident a meeting between the parties would not have changed that.

12  The same rights that are now at stake would have been at stake had the

13  parties met and conferred.  Nothing will be gained by postponing a

14  decision on the merits of this motion.  The Court will waive the meet

15  and confer requirement in this instance.

16      B. <u>Summary Judgment Merits</u>

17      Summary judgment is proper if "there is no genuine issue as to

18  any material fact and the moving party is entitled to a judgment as a

19  matter of law." Fed. R. Civ. Pro. 56(c).  A fact is material if it

20  "might affect the outcome of the suit under the governing law."

21  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  A factual

22  dispute is genuine "if the evidence is such that a reasonable jury

23  could return a verdict for the nonmoving party."  <u>Id</u>.

24      The moving party in a summary judgment motion bears the initial

25  burden of showing the absence of a genuine issue of material fact.

26  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  If the moving

27  party makes this initial showing, the burden shifts to the nonmoving

28

1  party to "designate specific facts showing that there is a genuine

2  issue for trial." Id. at 324 (citation omitted).  In other words, the

3  non-moving party must produce evidence that could cause reasonable

4  jurors to disagree as to whether the facts claimed by the moving party

5  are true.

6      In making a summary judgment determination, the Court must view

7  the evidence presented in the light most favorable to the non-moving

8  party, drawing "all justifiable inferences . . . in his favor."

9  Anderson v. Liberty Lobby, Inc., 477 U.S. at 255.  If the non-moving

10  party fails to present a genuine issue of material fact, the Court

11  must grant summary judgment.  Celotex Corp. v. Catrett, 477 U.S. at

12  323-24.

13      Defendants argue they are entitled to partial summary judgment of

14  the fraud claim because Defendant Rogers never made a false statement

15  regarding how she intended to use Plaintiff's artwork.  Specifically

16  Defendants claim Plaintiff admitted at her deposition Rogers never

17  told her the artwork would "only" be used to decorate SeneGence's

18  offices.  Although Plaintiff testified Rogers told her the artwork

19  would be used to decorate SeneGence's offices, Defendants argue there

20  can only be fraud if Rogers told Plaintiff the artwork would "only" be

21  used to decorate SeneGence's offices.

22      Although Defendants accurately quote Plaintiff, they

23  mischaracterize her deposition testimony.  Defendants' counsel

24  instructed Plaintiff, "[T]ell me when Ms. Rogers said to you, 'Your

25  artwork will only be used to decorate the interior of the SeneGence

26  office.'"  Plaintiff responded "That was when I - at the first

27  meeting, when we went around from wall to wall to wall, and she

28

1  pointed out the walls." McDowell Depo. 201:14-20. Defendants'

2  counsel then asked, "[M]y question is, when did Ms. Rogers say to you,

3  if she did, 'Your artwork will only be used to decorate the SeneGence

4  office walls'?" Plaintiff answered, "That same day." Id. at 201:21-

5  24. Plaintiff further testified, "Basically [Rogers] said she needed

6  paintings for her walls. We went around to every single wall, she

7  said where she needed a painting, and that was it, end of

8  discussion."[1] Id. at 202:1-3.

9      Defendants' counsel later asked Plaintiff, "And [Rogers] didn't

10  say, 'Your artwork will be used only to decorate the SeneGence

11  office'; is that correct?", to which Plaintiff responded, "Correct."

12  Id. at 204:2-4.

13      It is not clear from Plaintiff's testimony whether Rogers' exact

14  words to Plaintiff were, "Your artwork will only be used to decorate

15  the interior of the SeneGence office." This alone is enough to create

16  a material issue of fact under Defendants' conception of fraud.

17  However, Plaintiff can show fraud even if Rogers didn't use the word

18  "only".

19      To show fraud, a plaintiff must show a misrepresentation has

20  occurred. See, e.g., Cicone v. URS Corp., 183 Cal. App. 3d 194, 200

21  (1986). A statement where the speaker provides some information

22  without disclosing other facts that would materially qualify that

23  information may be considered a misrepresentation. Randi W. v. Muroc

24  Joint Unified Sch. Dist., 14 Cal. 4th 1066, 1082 (1997). This type of

25  misleading statement is known as a half-truth. Id.

26

27      [1]Defendants' objection to this testimony on the ground it

28  was not responsive is OVERRULED.

1    Plaintiff testified Rogers told her the artwork would be used to

2  decorate the walls of the office.  If at the time Rogers spoke she

3  also intended to use the artwork on packaging and did not disclose

4  that intention to Plaintiff, this may be a misrepresentation of her

5  intention.[2/]  Whether or not Rogers actually used the word "only" is

6  of little consequence.  There is a triable issue on the fraud claims.

7    The motion for partial summary judgment is DENIED.

8

9  DATED: May 12, 2003.

10

11

12                              GARY L. TAYLOR
                                UNITED STATES DISTRICT JUDGE
13

14

15

16

17

18

19

20

21

22

23

24  _____

25    [2/]Defendants' argument that the Court should disregard this
    misrepresentation as a basis for fraud because it was not alleged
26  in the complaint fails.  The complaint alleges Rogers
    misrepresented to Plaintiff that the art work would only be used
27  to decorate the interior of the SeneGence office.  Third Amended
    Complaint ¶ 38.  Paragraph 38 describes the misrepresentation
28  discussed in this motion.