1    John M. Beall, Esq.
     LAW OFFICES OF JOHN M. BEALL
2    2747 N. Grand Avenue, #264
     Santa Ana, CA 92705
3    (714) 532-2777
     Fax: (714) 532-2999
4    Attorneys for Plaintiff, KARIE MCDOWELL

5    Lawrence E. Lannon (State Bar No. 134042)
     Moina C. Shiv (State Bar No. 145878)
6    LANNON & ASSOCIATES, A Law Corporation
     2081 Business Center Drive, Suite 270
7    Irvine, California 92612
     949/862-9166; fax: 949/862-9160
8    Attorneys for Defendants, SGII, INC., a Delaware Corporation, fka SENEGENCE
     INTERNATIONAL, INC. and presently dba SENEGENCE INTERNATIONAL and JONI
9    RAE ROGERS

10

11                   UNITED STATES DISTRICT COURT

12             FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                    SOUTHERN DIVISION

| | |
|---|---|
| 14   KARIE MCDOWELL, an individual, | )   CASE NO. SACV02-226 GLT (MLGX) |
| 15 | )   Honorable Gary L. Taylor <br> )   Courtroom 10-D |
|         Plaintiff, | ) |
| 16 | )   (PROPOSED) FINAL PRETRIAL |
|   v. | )   CONFERENCE ORDER |
| 17 | ) |
|   SENEGENCE INTERNATIONAL, INC., a | ) |
| 18   Delaware Corporation; JONI RAE ROGERS, | ) |
|   an individual; R. LARRY MILLIKEN, an | ) |
| 19   individual; YORAM FISHMAN, an individual; | ) |
|   SGII, INC., JERNI INTERNATIONAL, INC., | )   Date:        June 6, 2003 |
| 20   2-2-0 LABORATORIES; and DOES 1 -10 | )   Time:       1:30 p.m. |
|   INCLUSIVE; | )   Location:    Courtroom 10D |
| 21 | ) |
|         Defendants. | )   Action Filed:        March 8, 2002 |
| 22 | ) |

23       Following pretrial proceedings, pursuant to Rule 16, F.R.C.P. and L.R. 16,

24   IT IS ORDERED:

25

26       1.     Parties are:

27           Plaintiff KARIE MCDOWELL

28           Defendant JONI RAE ROGERS

1    Defendant SGII, INC., a Delaware Corporation, fka SENEGENCE

2    INTERNATIONAL, INC. and presently dba SENEGENCE

3    INTERNATIONAL

4    Each of these parties have been served and has appeared..

5    Defendant, JERNI INTERNATIONAL INC. (Plaintiff alleges that this

6    defendant has been served and has appeared in this action.

7    Defendants allege this party has not been served and has not

8    appeared in this action.)

9    All other parties named in the pleadings are not identified in the

10   preceding paragraph are now dismissed.  (Previously dismissed

11   through the agreement of counsel were: Larry Milliken, 2-2-0

12   Laboratories and Yoram Fishman)

13

14   The pleadings which raise the issues are:

15   -----   Plaintiff's Third Amended Complaint

16   -----   Defendants' Answer to Third Amended Complaint and Cross

17           Claim.

18   -----   Plaintiff's Answer to Defendants' Cross Claim

19

20   2.   Federal jurisdiction and venue are invoked upon the grounds: The

21        parties agree that the subject matter of this case involves the Federal

22        Question of Copyright Infringement.  All relevant events took place

23        within this Court's jurisdiction and therefore the venue is proper.

24

25   3.   Plaintiff's trial estimate is 5 days; Defendants' trial estimate is 7 days.

26

27   4.   The trial is to be a jury trial.  At least 5 court days prior to the trial date

28        each counsel shall deliver to the court and opposing counsel: (a)

1    proposed jury instructions as required by LR 51-1 and (b) any special

2    questions requested to be put to prospective jurors on voir dire.

4    5.    Following facts are admitted and require no proof: N/A

6    6.    The following facts, though stipulated, shall be without prejudice to any

7    evidentiary objections: N/A

9    7.    **PLAINTIFF'S CLAIMS AND DEFENSES:**

10        1.    <u>PLAINTIFF'S FIRST CLAIM UNDER 17U.S.C. FOR</u>

11            <u>COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS</u>

12            <u>The ultimate facts required to establish this claim are:</u>

13            1.)    Plaintiff, as creator and/or author of the subject artwork,

14            and having registered a copyright with the United States

15            Copyright office for the subject artwork, is the copyright holder

16            of the subject artwork.

17            2.)    Defendants either copied, made derivative works based

18            on the subject artwork, <u>or</u> distributed (sold), the subject artwork

19            without permission of the plaintiff.

20            <u>Evidence relied upon  to prove each element of this claim:</u>

21            1.)    Testimony of all witnesses that plaintiff was the creator of

22            the subject artwork, and that Defendants have copied, made

23            derivative works based on or have sold plaintiff's artwork

24            without her permission.

25            2.)    The certificate of registration of the copyright with the

26            United States Copyright office, which is prima fascia evidence of

27            copyright ownership.

28            3.)    Photographs of the subject artwork.

4.)     Photographs of plaintiff's artwork created prior to her work for Senegence.

5.)     Various and multiple Senegence products, supplies and advertisements that incorporate plaintiff's artwork.

6.)     Various Senegence literature and brochures.

7.)     The absence of any written agreement between plaintiff and defendants regarding the subject artwork.

8.)     Cancelled checks to Plaintiff from Senegence

2.      <u>PLAINTIFF'S SECOND CLAIM FOR FRAUD (INTENTIONAL MISREPRESENTATION) AGAINST DEFENDANTS ROGERS AND SENEGENCE</u>

The ultimate facts required to establish this claim are:

1.)     Defendants' representations to plaintiff in or about March 2000 that the subject artwork would be used only for decorating the Senegence office were false.

2.)     Defendants knew the representations that the subject artwork would be used only for decorating the Senegence office were false or they acted recklessly in making the statements.

3.)     Defendants made the representations to induce plaintiff to create the subject artwork.

4.)     Plaintiff was unaware of the falsity of Defendants' representations and she acted on them by completing the subject artwork.

5.)     Plaintiff was justified in relying on the misrepresentations because she had no reason to know or believe defendants were lying to her.

6.)     As a result of plaintiff's reliance on the

misrepresentations of defendants, plaintiff has sustained damages.

Evidence relied upon to prove each element of this claim:

1.)     Testimony of Plaintiff and Defendant Joni Rogers. Plaintiff's testimony that at their initial meeting wherein an agreement was reached there was no discussion or agreement concerning anything other than for Senegence and Rogers to purchase paintings to decorate their office. Defendant Rogers' testimony that it was her intent at the parties' initial meeting to use the artwork for purposes other than decorations, that she believed she could do anything she wanted with the artwork because she bought the paintings, and that it was her intent to have the <u>exclusive</u> ownership and use of the subject artwork, which required a writing that does not exist.

2.)     Various and multiple Senegence products, supplies and advertisements that incorporate plaintiff's artwork.

3.)     Various Senegence literature and brochures.

4.)     The absence of any written agreement between plaintiff and defendants regarding the subject artwork.

3.     **PLAINTIFF'S THIRD CLAIM FOR FRAUD (NEGLIGENT MISREPRESENTATION) AGAINST DEFENDANTS ROGERS AND SENEGENCE**

The ultimate facts required to establish this claim are:

1.)     Defendants' representations to plaintiff in or about March 2000 that the subject artwork would be used only for decorating the Senegence office were false.

2.)     Defendants knew the representations that the subject artwork would be used only for decorating the Senegence office

1  were false or made it with no reasonable ground for believing it

2  to be true.

3  3.)  Defendants made the representations to induce plaintiff

4  to create the subject artwork.

5  4.)  Plaintiff was unaware of the falsity of Defendants'

6  representations and she acted on them by completing the

7  subject artwork.

8  5.)  Plaintiff was justified in relying on the misrepresentations

9  because she had no reason to know or believe defendants were

10  lying to her.

11  6.)  As a result of plaintiff's reliance on the

12  misrepresentations of defendants, plaintiff has sustained

13  damages.

14  Evidence relied upon  to prove each element of this claim:

15  1.)  Testimony of Plaintiff and Defendant Joni Rogers.

16  Plaintiff's testimony that at their initial meeting wherein an

17  agreement was reached there was no discussion or agreement

18  concerning anything other than for Senegence and Rogers to

19  purchase paintings to decorate their office. Defendant Rogers'

20  testimony that it was her intent at the parties' initial meeting to

21  use the artwork for purposes other than decorations, that she

22  believed she could do anything she wanted with the artwork

23  because she bought the paintings, and that it was her intent to

24  have the exclusive  ownership and use of the subject artwork,

25  which required a writing that does not exist.

26  2.)  Various and multiple Senegence products, supplies and

27  advertisements that incorporate plaintiff's artwork.

28  3.)  Various Senegence literature and brochures.

4.)    The absence of any written agreement between plaintiff and defendants regarding the subject artwork.

4.    **PLAINTIFF'S FOURTH CLAIM FOR AN ACCOUNTING FROM DEFENDANTS**

The ultimate facts required to establish this claim are:

1.)    Should plaintiff successfully prove copyright infringement against Defendants, plaintiff will be entitled to a full post trial accounting by defendants and a court determination of defendants' profits that plaintiff is entitled to.

5.    **PLAINTIFF'S FIRST AFFIRMATIVE DEFENSE TO DEFENDANTS COUNTERCLAIM: UNCLEAN HANDS**

The ultimate facts required to prove this defense:

1.)    That defendants are liable for fraud by their intentional or negligent misrepresentations to the plaintiff, and/or they otherwise acted wrongfully, inequitably or unconscionably towards the plaintiff thereby foreclosing any equitable defenses or remedies because of their unclean hands.

Evidence Relied Upon to Establish this Defense are:

1.)    Testimony of Plaintiff and Defendant Joni Rogers. Plaintiff's testimony that at their initial meeting wherein an agreement was reached there was no discussion or agreement concerning anything other than for Senegence and Rogers to purchase paintings to decorate their office. Defendant Rogers' testimony that it was her intent at the parties' initial meeting to use the artwork for purposes other than decorations, that she believed she could do anything she wanted with the artwork because she bought the paintings, and that it was her intent to have the exclusive  ownership and use of the subject artwork, which required a writing that does not exist.

2.)    Various and multiple Senegence products, supplies and advertisements that incorporate plaintiff's artwork.

3.) Various Senegence literature and brochures.

4.) The absence of any written agreement between plaintiff and defendants regarding the subject artwork.

6. **PLAINTIFF'S SECOND AFFIRMATIVE DEFENSE TO DEFENDANTS COUNTERCLAIM: NO ORAL LICENSE**

The ultimate facts required to prove this defense:

1.) That in or about March of 2000, plaintiff and Defendants never entered into an oral licensing agreement regarding the subject artwork.

Evidence Relied Upon to Establish this Defense are:

1.) Testimony of Plaintiff and Defendant Joni Rogers. Plaintiff's testimony that at their initial meeting wherein an agreement was reached there was no discussion or agreement concerning anything other than for Senegence and Rogers to purchase paintings to decorate their office. Defendant Rogers' testimony that it was her intent at the parties' initial meeting to use the artwork for purposes other than decorations, that she believed she could do anything she wanted with the artwork because she bought the paintings, and that it was her intent to have the exclusive ownership and use of the subject artwork, which required a writing that does not exist.

**DEFENDANTS' DEFENSES & COUNTERCLAIMS:**

**1. Defendants' First Defense Against Plaintiff's Claims for Copyright Infringement, Intentional & Negligent Misrepresentation and Accounting is Laches**

The ultimate facts required to prove this defense are:

(1) Plaintiff delayed filing suit for an unreasonable and inexcusable length of time from the time the plaintiff knew or reasonably should know of her claim against the defendants,

(2) Plaintiff's delay operates to the prejudice and injury of the defendants.

Evidence Relied upon to establish this defense are:

1) Testimony of Defendants' witnesses that Plaintiff knew her artwork was being used Defendant's  marketing, starting within a few months of March 2000, and that Plaintiff delayed filing suit until March of 2002.

(2) Physical examples of specific marketing materials made by Plaintiff at the request of Defendants.

(3) Testimony of Defendants' witnesses as to their reliance on oral agreement with Plaintiff to use Plaintiff's art work in much of Defendants' marketing since April of 2000, and the subsequent marketing disruption resulting from the litigation initiated by Plaintiff.

## 2.  Defendants' Second Defense Against Plaintiff's Claims for Copyright Infringement, Intentional & Negligent Misrepresentation and Accounting is Estoppel

The ultimate facts required to prove this defense are:

(1) Plaintiff knew she had misrepresented her agreement to an oral license with Defendants

(2) Plaintiff acted in a manner such that Defendants had the right to believe that an oral license to use Plaintiff's art work for marketing had been granted.

(3) Defendants did not know the true state of facts, that Plaintiff had misrepresented her agreement to enter into an oral license with Defendants;

(4) Defendants relied on Plaintiff's conduct to their injury.

Evidence Relied upon to establish this defense are:

(1) Testimony of Defendants' witnesses that Plaintiff knew her artwork was being used Defendant's  marketing, starting within a few months of March 2000, and that Plaintiff delayed filing suit until March of 2002.

(2) Physical examples of specific marketing materials made by Plaintiff at the request of Defendants.

(3) Testimony of Defendants' witnesses as to their reliance on oral agreement with Plaintiff to use Plaintiff's art work in much of Defendants' marketing since April of 2000, and the subsequent marketing disruption resulting from the litigation initiated by Plaintiff.

### 3.  Defendants' Third Defense Against Plaintiff's Claims for Copyright Infringement, Intentional & Negligent Misrepresentation and Accounting is Unclean Hands

The ultimate facts required to prove this defense are:

(1) The conduct of Plaintiff was wrongful, inequitable or unconscionable and

(2) Plaintiff's conduct resulted in prejudice to defendants

Evidence Relied upon to establish this defense are:

(1) Testimony of Defendants' witnesses that Plaintiff cooperated with Defendants in the modification of Plaintiff's artwork for use in Defendant's marketing, starting within a few months of March 2000, (2) Testimony of Defendants' witnesses that Plaintiff was assigned to create certain art works specifically for marketing application, and that Plaintiff created the requested art work without objection.

(2) Physical examples of specific marketing materials made by Plaintiff at the request of Defendants.

(3) Testimony of Defendants' witnesses as to their reliance on oral agreement with Plaintiff to use Plaintiff's art work in much of Defendants' marketing since April of 2000, and the subsequent marketing disruption resulting from the litigation initiated by Plaintiff.

### 4.  Defendants' Fourth Affirmative Defense Against Plaintiff's Claims for Copyright Infringement, Intentional & Negligent Misrepresentation and Accounting is Ratification

The ultimate facts required to prove this defense are:

(1) Conduct by Plaintiff implying the existence of an oral license

for the use of Plaintiff's art work by Defendants for their marketing materials. allowing Defendants.

(2) Reliance by Defendants on Plaintiff's conduct, resulting in prejudice and damages to Defendants

Evidence Relied upon to establish this defense are:

(1) Testimony of Defendants' witnesses that Plaintiff was assigned to create certain art works specifically for marketing application, and that Plaintiff created the requested art work without objection.

(2) Physical examples of specific marketing materials made by Plaintiff at the request of Defendants.

(3) Testimony of Defendants' witnesses as to their reliance on Plaintiff's conduct as confirmation of the oral agreement with Plaintiff to use Plaintiff's art work in Defendants' marketing materials.

(4) Testimony of Defendants' witnesses as to the subsequent marketing disruption and additional costs resulting from the litigation initiated by Plaintiff.

## 5.  Defendants' Fifth Affirmative Defense Against Plaintiff's Claims for Copyright Infringement, Intentional & Negligent Misrepresentation and Accounting is Non-Infringement

The ultimate facts required to prove this defense are:

(1) Plaintiff's oral agreement in March of 2000 to grant Defendants a non-exclusive license to utilize Plaintiff's art work for all purposes, including use in Defendants' marketing materials.

(2) Conduct by Plaintiff confirming the existence of a non-exclusive license for the use of Plaintiff's art work by Defendants for their marketing materials. allowing Defendants.

(3) Performance by Defendants of all conditions required pursuant to the non-exclusive license.

Evidence Relied upon to establish this defense are:

(1) Testimony of Defendant Joni Rogers as to the terms of the non-exclusive license with Plaintiff and as to the performance of all conditions required of Defendants, pursuant to the license agreement.

(2) Testimony of Defendants' witnesses that Plaintiff was assigned to create certain art works specifically for marketing application, and that Plaintiff created the requested art work with full knowledge of the ultimate use of said art work.

(3) Physical examples of art created by Plaintiff for specific marketing purposes.

## 6.  Defendants' Sixth Affirmative Defense Against Plaintiff's Claims for Copyright Infringement, Intentional & Negligent Misrepresentation and Accounting is Uncertain Damages

The ultimate facts required to prove this defense are:

(1)Plaintiff has produced no evidence that she suffered any damages as a result of Defendants' use of Plaintiff's art work in Defendant's marketing materials.

(2) Defendants did not earn any profit on their direct sale of marketing materials incorporating Plaintiff's art work.

(3) Plaintiff has produced no evidence that Defendant's use of Plaintiff's art had any effect on Defendants' sale of or profits resulting from Defendants' sale of cosmetics thru its multilevel marketing program.

Evidence Relied upon to establish this defense are:

(1) Testimony of Defendants' witnesses with respect to the total sales of marketing materials incorporating Plaintiff's art and the corresponding cost of sales, showing that said sales resulted in a loss to Defendants.

(2) Testimony of Defendants' Expert Witness as to the absence of any evidence of a nexus between Plaintiff's art work and Defendants' sale of cosmetics thru its multilevel marketing structure.

**7.  Defendants' Seventh Affirmative Defense Against Plaintiff's**
**Claims for Copyright Infringement, Intentional & Negligent**
**Misrepresentation and Accounting is Failure to State Facts**
**Sufficient for Exemplary or Punitive Damages**

The ultimate facts required to prove this defense are:

(1)The absence of any credible evidence that any Defendant's actions constitute malice, oppression or fraud towards Plaintiff.

Evidence Relied upon to establish this defense are:

(1) Testimony of Defendant Joni Rogers as to the terms of the non-exclusive license with Plaintiff and as to the performance of all conditions required of Defendants, pursuant to the license agreement.

(2) Testimony of Defendants' witnesses that Plaintiff was assigned to create certain art works specifically for marketing application, and that Plaintiff created the requested art work with full knowledge of the ultimate use of said art work.

(3) Physical examples of art created by Plaintiff for specific marketing purposes.

**8.  Defendants' Eighth Affirmative Defense Against Plaintiff's**
**Claims for Copyright Infringement, Intentional & Negligent**
**Misrepresentation and Accounting is Fraud & Deceit by Plaintiff**

The ultimate facts required to prove this defense are:

(1) Plaintiff knowingly misrepresented to Defendants that she would grant them a non-exclusive license to use Plaintiff's art work in Defendants' marketing materials.

(2) Plaintiff intended that Defendants rely on Plaintiff's misrepresentation.

(3) Defendants justifiably relied on Plaintiff's misrepresentation to their detriment.

Evidence Relied upon to establish this defense are:

(1) Testimony of Defendant Joni Rogers as to her discussions with Plaintiff establishing the terms of the non-exclusive license

granted to Defendants to use Plaintiff's art work in marketing materials.

(2) Testimony of Defendants' witnesses that Plaintiff was assigned to create certain art works specifically for marketing application, and that Plaintiff created the requested art work with full knowledge of the ultimate use of said art work.

(3) Physical examples of art created by Plaintiff for specific marketing purposes, and used by Defendants for marketing purposes.

(4) Testimony of Defendants' witnesses as to the subsequent marketing disruption and additional costs resulting from the litigation initiated by Plaintiff.

## 9.  Defendants' Ninth Affirmative Defense Against Plaintiff's Claims for Copyright Infringement, Intentional & Negligent Misrepresentation and Accounting is Release

The ultimate facts required to prove this defense are:

(1) Plaintiff expressly and impliedly released Defendants from any claims for copyright infringement or fraud, by granting Defendants a non-exclusive license to use Plaintiff's art work in Defendants' marketing materials.

Evidence Relied upon to establish this defense are:

(1) Testimony of Defendant Joni Rogers as to her discussions with Plaintiff establishing the terms of the non-exclusive license granted to Defendants to use Plaintiff's art work in marketing materials.

(2) Testimony of Defendants' witnesses that Plaintiff was assigned to create certain art works specifically for marketing application, and that Plaintiff created the requested art work with full knowledge of the ultimate use of said art work.

(3) Physical examples of art created by Plaintiff for specific marketing purposes, and used by Defendants for marketing purposes.

**10. Defendants' Tenth Affirmative Defense Against Plaintiff's Claims for Copyright Infringement, Intentional & Negligent Misrepresentation and Accounting is Set Off**

The ultimate facts required to prove this defense are:

(1) Plaintiff has failed to produce any evidence of monetary damage as a result of the alleged infringement.

(2) Defendants have paid Plaintiff in excess of $ 70,000 for the paintings purchased from Plaintiff, and for the non-exclusive right to use any of the paintings purchased for marketing related activities.

Evidence Relied upon to establish this defense are:

(1) The absence of any evidence as to damages suffered by Plaintiff as a result of the alleged infringement.

(2) Testimony of Defendants' witnesses as to the amounts paid to Plaintiff for her art work and for the non-exclusive license to use the art work for marketing related activities.

**11. Defendants' Eleventh Affirmative Defense Against Plaintiff's Claims for Copyright Infringement, Intentional & Negligent Misrepresentation and Accounting is Oral License**

The ultimate facts required to prove this defense are:

(1) That on or about March of 2000, Plaintiff reached an oral agreement with Defendant Joni Rogers to grant Defendants a non-exclusive license to utilize Plaintiff's art work for all purposes, including use in Defendants' marketing materials.

(2) Performance by Defendants of all conditions required pursuant to the non-exclusive license.

Evidence Relied upon to establish this defense are:

(1) Testimony of Defendant Joni Rogers as to the terms of the non-exclusive license with Plaintiff and as to the performance of all conditions required of Defendants, pursuant to the license agreement.

(2) Physical examples of art created by Plaintiff for specific

marketing purposes.

## 12.  Defendants' Twelfth Affirmative Defense Against Plaintiff's Claims for Copyright Infringement, Intentional & Negligent Misrepresentation and Accounting is Implied Non-Exclusive License

The ultimate facts required to prove this defense are:

(1) Conduct by Plaintiff, between March of 2000 and September of 2001, implying the existence of a non-exclusive license for the use of Plaintiff's art work by Defendants for their marketing materials, including such conduct as producing specific art work for particular marketing purposes, at the request of Defendants.

(3) Performance by Defendants of all conditions required pursuant to the non-exclusive license.

Evidence Relied upon to establish this defense are:

(1) Testimony of Defendants' witnesses that Plaintiff was assigned to create certain art works specifically for marketing application, and that Plaintiff created the requested art work with full knowledge of the ultimate use of said art work.

(2) Physical examples of art created by Plaintiff for specific marketing purposes, between March of 20000 and September of 2001.

## 13.  Defendants' Cross-Claim for Breach of Oral License Against Cross-Defendant Karie McDowell

The ultimate facts required to prove this Claim are:

(1) That on or about March of 2000, Plaintiff entered into an oral agreement with Defendant Joni Rogers, whereby Plaintiff granted Rogers and Defendants a non-exclusive license for the use of Plaintiff's art work by Defendants for their marketing materials.

(2) Performance by Defendants of all conditions required pursuant to the non-exclusive license.

(3) Filing of the instant action for copyright infringement against

Defendants by Plaintiff on or about March 2002.

<u>Evidence Relied upon to establish this defense are</u>:

(1) Testimony of Defendant Joni Rogers as to the terms of the non-exclusive license with Plaintiff and as to the performance of all conditions required of Defendants, pursuant to the license agreement.

(2) Physical examples of art created by Plaintiff for specific marketing purposes.

8.    All discovery is complete.

9.    All disclosures under FRCP 26(a)(3) have been made.  The joint exhibit list of the parties has been filed herewith under separate cover as required by LR 16-5.  All exhibits may be admitted without objection, except those exhibits listed below:

-----    Plaintiff objects to Exhibits Nos. **112.1, 112.2, 112.3, 200 thru 252, 253, 254 thru 260** (Plaintiff's objections to these proposed exhibits by defendants on the basis of untimely disclosure and hearsay.  All proposed exhibits listed above were first identified and disclosed by defendants on May 5 or May 9, 2003, over two months past the discovery cutoff.  Plaintiff has been prejudiced by the inability to conduct discovery regarding said exhibits, through deposition and written discover.  Authentication of said proposed exhibits is also at issue.

-----    Defendants objects to Exhibits Nos. **320.1, 320.3, 320.4, 321.2, 323.1, 323.2, 325.1, 328, 332, 333.1, 439, 440, 527, 528, 529, 530** (Defendants' objections and grounds are stated below.)

**Objections of Defendants to Exhibits**

1.  Exhibit 320.1 SeneGence Magazine Fall 2001, Page 1- Objection- Relevance -This page makes no reference to Plaintiff's art work and contains no evidence on any point at issue in this litigation.

2. Exhibit 320.3 - SeneGence Magazine Fall 2001, Page 4-
Objection - Relevance -No references to Plaintiff's art -
Projections of Defendant's sales not relevant to Plaintiff's
damage claims- No objection to reference to first year sales of $
3 million.

3. Exhibit 320.4- SeneGence Magazine Fall 2001, Page 5 -
Objection- Relevance - No references to Plaintiff's art -
Projections of Defendant's sales not relevant to Plaintiff's
damage claims

4. Exhibit 321.2 SeneGence Magazine Winter 2001-02- pages
24   Objection- Relevance- This page makes no reference to
Plaintiff's art work and contains no evidence on any point at
issue in this litigation.

5. Exhibit 323.1- SeneGence Magazine, Fall 2002, Page 12
Objection- Relevance This page makes no reference to
Plaintiff's art work and contains no evidence on any point at
issue in this litigation.

6. Exhibit  323.2 - SeneGence Magazine, Fall 2002, Page 13,
Objection Relevance This page makes no reference to
Plaintiff's art work and contains no evidence on any point at
issue in this litigation.

7. Exhibit 325.1- SeneScenes- February 2002 , page 12-
Objection- Prejudice- Not produced by Plaintiffs until May 15,
2003 after the close of discovery, thereby denying Defendants'
right to perform discovery relative to it.

8. Exhibit 328- New Hampshire Ins. Declaration Page -
Objection- Relevance- Please refer to objections listed in
description of Defendants' motion in limine to exclude this
exhibit.

9. Exhibit 332- SeneScene July 2001, page 27- Objection -
Prejudice- Never produced by Plaintiffs and cannot be located
by Defendants- Defendants have had no opportunity to examine

1    and would be prejudiced by its introduction without the
2    opportunity for examination
3    10. Exhibit 333.1- SeneScene August 2001, page 2 Objection -
     Relevance- Does not contain any of plaintiff's art and contains
4    no evidence on any point at issue in this litigation.4
5    11. Exhibit   439- Tiffany Box-- Objection- Relevance- Object
6    does not contain Plaintiff's art and is not relevant to any of the
7    issues of the instant case.
8    12. Exhibit 440 - Coke Bottle  Objection- Relevance- Object
9    does not contain Plaintiff's art and is not relevant to any of the
     issues of the instant case.
10   13. Exhibit 527-Declaration of Joni Rogers in Brekke case-
11   Objection - Relevance - Please refer to objections listed in
12   description of Defendants' motion in limine to exclude this
13   exhibit.
14   14. Exhibit 528-photograph of McDowell Painting- Objection-
15   Prejudice- Not produced by Plaintiffs until May 15, 2003 after
16   the close of discovery, thereby denying Defendants' right to
17   perform discovery relative to it.
18   15. Exhibit 529- Photograph of McDowell's Painting - Objection-
     Prejudice- Not produced by Plaintiffs until May 15, 2003 after
19   the close of discovery, thereby denying Defendants' right to
20   perform discovery relative to it.
21   16. Exhibit 530 - Photograph of McDowell's tattoo- Objection-
22   Prejudice- Has never been produced by Plaintiffs.  Discovery is
23   closed so Defendants have been denied the right to perform
24   discovery relative to it.

25   10.    All disclosures under FRCP 26(a)(3) have been made.  Witness lists of
26         the parties have heretofore been filed with the Court.

27
28   11.    Each party intending to present evidence by way of deposition

1   testimony has marked such depositions in accordance with LR 16-2.8.

2   For this purpose, the following depositions shall be lodged with the

3   Clerk as required by LR 32-1:  N/A

4

5   12.   The following law and motion matters and motions in limine are
      pending or contemplated:

6   **Plaintiff's will introduce the following motions in limine:**

7   1)  Plaintiff will move to exclude witnesses Joe Grey and Scott Zwirn of

8   Corrugated Custom Packaging as these two witnesses were not

9   disclosed by the Defendants until May 5, 2003, more than two months

10  past the discovery cutoff in said case. Furthermore, defendants'

11  assertions that these two witnesses were only identified by them in

12  May of 2003 is belied by the defendants' reference to these two

13  individuals at the deposition of plaintiff which took place in December
    of 2002.

14  2)  Plaintiff will move to exclude exhibit #s 112.1, 112.2, 112.3; 200-

15  252; 253; 254 thru 260 as these proposed exhibits were not disclosed

16  or identified by the defendants until May 5 or 9th 2003, over two

17  months past the discovery cutoff. Plaintiff has been prejudiced by the

18  inability to conduct discovery regarding said exhibits, through

19  deposition or written discovery. Authentication of said proposed
    exhibits is also at issue.

20  3) Plaintiff will be making a motion to exclude Defendants' expert, Mr.

21  Gabriel Gelb based on his testimony that he is not an expert on multi

22  level marketing companies, that he has no opinions relevant to

23  whether plaintiff's artwork was significant in the development of the

24  Senegence brand or sales of their products, and plaintiff's position that

25  he is unqualified to render opinions regarding marketing or

26  advertisement as his background is a master's degree in journalism
    and he lacks the expertise in any field relevant to this case.

27

28

---

**FINAL PRETRIAL CONFERENCE ORDER**
SACV-226 GLT (MLGX)                    - 20 -

**<u>Defendants will introduce the following motions in limine:</u>**

(1) As to Plaintiff's witness Larry Milliken, defendants object to his testimony on the basis of relevance and that the probative nature of any testimony to be provided by Mr. Milliken is outweighed by the prejudice to defendants as a result of an unrelated lawsuit existing between Mr. Milliken (who was initially a defendant in this action) and SGII, Inc., and Joni Rogers.

(2) Jerni International Inc., a defendant named in this action, has been and remains a void and defunct corporation. As such, said defendant cannot maintain a defense. Further, plaintiff has not taken a default against said defendant. As such, mention of this party is relationship to the remaining defendants, Joni Rogers and SeneGence International, Inc., is irrelevant, inflammatory and prejudicial to defendants.

(3) Plaintiff has listed Ron Brekke as a potential witness to be called at trial. Defendants object on the basis of the relevance of Mr. Brekke's testimony given that the timing during which he was involved with SeneGence International, Inc. and Joni Rogers does not coincide with the timing of plaintiff's involvement. Therefore, as such, anything Mr. Brekke could testify to would be irrelevant. In addition, Mr. Brekke was involved in a separate lawsuit against the remaining defendants, the outcome of which is still pending. As such, his testimony could be more prejudicial than probative of any fact in issue is this case, and therefore, pursuant to Federal Rule of Evidence 402, defendants object to Mr. Brekke testifying in this matter.

(4) Declaration of Joni Rogers from <u>Brekke</u> lawsuit: Defendants will be objection to the introduction of this declaration for the purpose of evidence of SeneGence's gross, net or projected sales on the basis that said evidence is irrelevant, speculative, prejudicial, and the purpose, motive and intent of Mr. Rogers' statements in said declaration are completely different to those in this action.

(5) Declaration Page of New Hampshire policy number 01-LX 7308

367-0/00 covering SGII, Inc. from 7/15/01 to 7/15/02: Defendants object to plaintiff's introduction of this documentary evidence for their purpose of proving the actual net or gross income of SeneGence for the relevant time period on the basis that the document itself is hearsay at several levels, it is not an admission of actual or net income (but merely of projected income,) it is speculative, and is extremely prejudicial to defendants since it is to be excluded pursuant to Federal Policy Exclusions.

(6)  Article(s) from SeneGence's magazine is evidence of gross and/or net profits: Introduction of said documents by plaintiff will be objected to by defendants in the basis that it is irrelevant, hearsay, and speculative.  Further, said evidence is more prejudicial than probative as to the issue of defendants' gross and/or net profit.

(7)  Introduction of any other lawsuits filed against defendants: It is anticipated that plaintiff may make reference to other lawsuits filed against defendants.  Defendants will be objecting to such references on the basis of relevance, and that introduction of such evidence would be more prejudicial to defendants than probative of any factual issue to plaintiff.  Specifically, plaintiff is aware of other lawsuits brought by former employees of SGII.  Since plaintiff was never an employee of SGII, it is undisputed that plaintiff was ever an employee of SGII, and as such, said evidence has no place in this matter.

(8)  Introduction of the website: Scamsense.com by plaintiff: Defendants will be objecting to any reference to Scamsense.com, or the information available on it, by plaintiff on the basis that it is irrelevant, hearsay, and more prejudicial to defendants than probative of any issue to plaintiff.  It is Scamsense.com is a website set up by former disgruntled employees of SeneGence.  Since plaintiff was never an employee of SeneGence, any evidence or information relative to Scamsense.com is irrelevant in this lawsuit.

(9)  *Daubert* hearing relative to plaintiff's expert, his testimony and/or opinions: Defendants will be making a motion to exclude Dr. Robert

Grayson as an expert witness of plaintiff, his testimony and his opinions. The motion will be based on the principles of _Daubert_ v. _Merrell Dow Pharmaceuticals, Inc._ 509 U.S. 579 (1993) Specifically, plaintiff's purported expert, Dr. Robert Grayson testified at deposition that he had no data, had conducted no survey, and had no information as to the impact of advertising in multilevel marketing companies, and specifically, as to multilevel marketing companies selling cosmetics, such as the Defendant in this litigation, and/or the impact of advertising to sales ratio with respect to multilevel marketing companies. Further, Dr. Grayson testified that he did not consult any outside sources, except his wife, to come to his opinions and conclusions in this regard.

(10) Defendants' net worth on plaintiff's punitive damages claim: Defendants will be objection to the introduction of the personal or corporate net worth of SeneGence International Inc. on the basis that introduction of such evidence is irrelevant and prejudicial to defendants until and unless plaintiff has first proven fraud on the part of defendants.

13. Bifurcation of the following issues for trial is ordered: Defendants will be introducing the following motions relative to bifurcation of the following issues:

(1) Plaintiff's right to Accounting arises only if she first proves copyright infringement by defendants.

(2) Plaintiff is entitled to punitive and/or exemplary damages only after proving Fraud (Intentional and/or Negligent Misrepresentation) against defendants.

14. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this pretrial conference order shall supersede the pleadings and govern the course of the trial of this cause, unless

1    modified to prevent manifest injustice.

2

3    15.    Pursuant to Paragraph 4 of the August 19, 2002 Pretrial Scheduling

4           Order, Plaintiff and Defendants participated in a Mediation before the

5           Honorable J. Lee Sarokin, Retired, on May 13, 2003.  The parties were

5           not able to reach a resolution of any issues in the case.

6

7    DATED: June 10, 2003

8                                           UNITED STATES DISTRICT JUDGE

                                            GARY L. TAYLOR

9    APPROVED AS TO FORM AND CONTENT:

10

11                                   6-2-03

12   Attorneys for Defendants

13

14                              6.2.03
     Attorneys for Plaintiff

15

16   F:\LEL LAW, S-Z\Senegence\Trial Documents\v6\version\FinalPretrialORder.wpd

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

KARIE MCDOWELL v. SENEGENCE INTERNATIONAL, INC., et al.
USDC Case No. SACV-226 GLT (MLGX)

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 2081 Business Center Drive, Suite 270, Irvine, California 92612

On June 2, 2003, I served the foregoing document described as **(PROPOSED) FINAL PRETRIAL CONFERENCE ORDER** on all interested parties in this action by placing a true copy thereof enclosed in envelopes addressed as follows:

John M. Beall, Esq.
LAW OFFICE OF JOHN M. BEALL
2747 N. Grand, #264
Santa Ana, California 92705-8751
Telephone: (714) 532-2777
Fax: (714) 532-2999
Attorneys for Plaintiff, KARIE MCDOWELL

Lawrence E. Lannon
Moina C. Shiv
LANNON & ASSOCIATES, A Law Corporation
2081 Business Center Drive, Suite 270
Irvine, California 92612
949/862-9166
fax: 949/862-9160
Attorneys for Defendants

[ ]    **\*BY MAIL**
As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.   I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing stated in the affidavit, to the addressees listed on the attached service list.

[X]    **BY FACSIMILE TRANSMISSION** I caused the above-captioned to be served via facsimile transmission on all interested parties to this action at the facsimile numbers on this service list and on the date on this proof of service.

[X]    **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed on June 2, 2003, at Irvine, California.

Michaele King